COPY

1  Rachael Aguirre (SBN No. 227470)
   Counsel
2  SCREEN ACTORS GUILD-
   AMERICAN FEDERATION OF
3  TELEVISION AND RADIO ARTISTS
   5757 Wilshire Boulevard, 7th Floor
4  Los Angeles, California 90036-3600
   Telephone:  (323) 549-6628
5  Facsimile:  (323) 549-6624
   raguirre@sag.org
6
   Attorney for Petitioner
7  Screen Actors Guild, -
   American Federation of Television
8  and Radio Artists

FILED
CLERK U.S. DISTRICT COURT
AUG 16 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                                CV12-07075 ABC (FMOx)

12  SCREEN ACTORS GUILD-          Case No.
    AMERICAN FEDERATION OF
13  TELEVISION AND RADIO          NOTICE OF MOTION AND
    ARTISTS, a non-profit corporation, as   MOTION FOR ORDER
14  successor-in-interest to SCREEN   CONFIRMING ARBITRATION
    ACTORS GUILD, INC. on behalf of   AWARD AND FOR ENTRY OF
15  Affected Performers,          JUDGMENT IN CONFORMITY
                                  THEREWITH; MEMORANDUM OF
16             Petitioner,        POINTS AND AUTHORITIES; AND
                                  DECLARATION OF RACHAEL
17  v.                            AGUIRRE IN SUPPORT THEREOF

18  DOGWALKER PRODUCTIONS,        Date: 10/1/12
    LLC and FILMMAKERS            Time: 10am
19  ALLIANCE,                     Place: Roybal 680
                                  Judge:
20             Respondents.            Collins

21

22             NOTICE OF MOTION AND MOTION

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24  PLEASE TAKE NOTICE that on ____October    1st_____, 2012,

25  at 10:00 (a.m)/p.m., or as soon as this matter may be heard, petitioner Screen

26  Actors Guild - American Federation of Television and Radio Artists ("SAG-

27  AFTRA") will move, and hereby does move, the United States District Court,

28  located in Courtroom 680 at ____Roybal_____, Los Angeles,

- 1 -

California, for an Order that:

1.    Confirms the arbitration award in favor of SAG[1] and against respondents Dogwalker Productions, LLC ("Dogwalker") and Filmmakers Alliance ("FA")(collectively "Respondents"), Case No. TM 6428, dated August 16, 2008 ("Arbitration Award"), in all respects;

2.    Enters judgment in conformity therewith;

3.    Awards SAG-AFTRA attorney's fees and costs;

4.    Awards any such other and further relief as the Court deems just and proper.

This motion is made pursuant to a collective bargaining agreement by which SAG-AFTRA obtained an Arbitration Award against Respondents which expressly provides that the Arbitration Award may be confirmed by the present Court.

This Court's jurisdiction arises under section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") (29 USC § 185(a)), as amended, which grants the District Court original jurisdiction over actions relating to violations of collective bargaining agreements between an employer and a labor organization in an industry affecting interstate commerce, without regard to the amount in controversy or the citizenship of the parties.

Venue is proper in the Central District of California because the Arbitration Award was issued in this district, and because the petitioner maintains its principal place of business in this district.

This motion is based upon this Notice of Motion and Motion as well as the attached Memorandum of Points and Authorities, Declaration of Rachael Aguirre, all pleadings and papers on file, and upon such further oral or documentary

[1] The Screen Actors Guild, Inc. merged with the American Federation of Television and Radio Artists on March 30, 2012. The Award sought to be confirmed in this Motion predates the effective date of merger, and was obtained by the predecessor entity, Screen Actors Guild, Inc. Where appropriate, all references to Petitioner will cited as SAG-AFTRA.

1    evidence that may be presented at the time of hearing.

2          Petitioner SAG-AFTRA attempted to contact Respondents, by telephone and

3    by mail, to conference regarding the current motion pursuant to Local Rule 7-3.

4    Respondent, Dogwalker Productions, LLC, failed or refused to respond to counsel

5    for SAG-AFTRA.  President for Respondent, Filmmakers Alliance, Jacques

6    Thelemaque, engaged in a conference call with counsel for SAG-AFTRA on

7    August 6, 2012 and stated he was unable to make any offer to resolve or settle this

8    matter.  At the conclusion of that conference, counsel for SAG-AFTRA informed

9    him that it would be proceeding with the instant motion since the matter remained

10    unresolved.

11    Dated: August 14, 2012             Respectfully Submitted,

12

13                          SCREEN ACTORS GUILD-
AMERICAN FEDERATION OF
TELEVISION AND RADIO ARTISTS

14

15                          By:

16                          Rachael Aguirre
Attorney for Petitioner

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Screen Actors Guild- American Federation of Television and Radio Artists ("SAG-AFTRA") respectfully submits the following Points and Authorities in support of its motion to confirm an arbitration award and enter a corresponding judgment.

## I.   STATEMENT OF FACTS

A.   The Parties and Underlying Dispute

Established in 1933, SAG (now SAG-AFTRA) is a labor union representing over 120,000 members who work in motion pictures, radio, television, and other media formats.  See Declaration of Rachael Aguirre ("Aguirre Dec."), ¶ 3. Respondent Filmmakers Alliance and SAG executed a SAG Experimental Film Agreement ("Experimental Film Agreement") on November 21, 2000, in connection with the motion picture entitled, "The Dogwalker" (hereinafter "Movie").  A true and correct copy of the SAG Experimental Film Agreement is attached to Aguirre Dec. as Exhibit A.[2]

Respondent, Dogwalker Productions, LLC, executed a Limited Liability Company Resolution Agreement with SAG on November 21, 2000, in which it agreed to be bound by the terms of the SAG Experimental Film Agreement. Among other things, the Experimental Film Agreement bound Filmmakers Alliance and Dogwalker Productions, LLC to the terms and conditions of the Screen Actors Guild Codified Basic Agreement of 1995 for Independent Producers, as amended ("Basic Agreement").  A true and correct copy of relevant portions of the Basic Agreement is attached to Aguirre Dec. as Exhibit B.[3]  A true and correct copy of the SAG Limited Liability Company Resolution Agreement is attached hereto as Exhibit C.

Dogwalker Productions, LLC executed a Security Agreement in favor of

---

[2] All referenced exhibits throughout the memorandum of points and authorities are expressly incorporated herein as if set forth in full.
[3] Because the Basic Agreement is 656 pages in length, only relevant portions of the document have been attached.

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

1    SAG to secure the performance of all of Dogwalker Production, LLC's obligations,

2    including payment obligations to SAG's members, with respect to the Movie

3    ("Security Agreement").  A true and correct copy of the Security Agreement is

4    attached to Aguirre Dec. as Exhibit D.  Pursuant to the terms of the SAG

5    Experimental Film Agreement, Basic Agreement, and the Security Agreement,

6    Dogwalker Productions, LLC and Filmmakers Alliance produced the Movie using

7    SAG-AFTRA actors or other performers covered by said agreements (collectively

8    "Performers").  See Aguirre Dec., ¶ 6.

9         Pursuant to Sections 5 and 6 of the SAG Experimental Film Agreement,

10   Respondents were allowed very limited exhibition rights of the Movie, that

11   Agreement further provides that exhibition beyond the scope of that Agreement,

12   required among other things, the consent of the performers, residual payments, and

13   corresponding upgrade payments to be computed at no less than the minimum rates

14   applicable at the time of production under the Basic Agreement. See Exhibit A.

15        Petitioner learned that Respondents exhibited the Movie and distributed it

16   without the consent of performers which was beyond the scope of the Experimental

17   Film Agreement. As a result, under Section 6 Respondents became obligated to pay

18   Performers additional upgrade compensation in accordance with the rates of the

19   Basic Agreement.  A true and correct copy of the relevant portions of the Basic

20   Agreement is attached as Exhibit B.

21        Additionally, pension and health contributions ("P & H") became due and

22   payable on behalf of Performers pursuant to Section 6(a)(ii) of the Experimental

23   Film Agreement and Section 34 of the Basic Agreement. *Id.*

24        Respondents have failed or refused to pay the amounts due to Performers.

25   Aguirre Dec., ¶ 9.  Because Respondents failed or refused to pay the upgrade

26   payments, and the Pension and Health contributions, resulting late payment

27   liquidated damages ("LPLDs") also became due pursuant to Section 31 of the

28   Basic Agreement.  A true and correct copy of the relevant portions of the Basic

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

1    Agreement is attached to Aguirre Dec. as <u>Exhibit B</u>.

2    B.    <u>SAG (now SAG-AFTRA) Obtained Arbitration Award Against Respondents</u>

3           On September 6, 2007 and November 21, 2007, pursuant the arbitration

4    provision, Section 9 of the Basic Agreement, SAG served a Statement of Claim

5    and Demand for Arbitration on Respondents for failure to pay the above upgrade,

6    pension and health and late fees.  A true and correct copy of relevant portions of

7    the Basic Agreement is attached to Aguirre Dec. as <u>Exhibit B</u>.  A true and correct

8    copy of the Statement of Claim and Demand for Arbitration, including Proof of

9    Service, is attached to Aguirre Dec. as <u>Exhibit E</u>.

10         The Statement of Claim and Demand for Arbitration was served in

11    accordance with Section 42, the notice provision of the Basic Agreement.  A true

12    and correct copy of relevant portions of the Basic Agreement is attached to Aguirre

13    Dec. as <u>Exhibit B</u>.

14         Sara Adler ("Arbitrator") was selected as the sole neutral arbitrator to hear

15    this matter.  Aguirre Dec., ¶ 13.  SAG notified Respondents by letter, dated

16    November 1, 2007, at their last known addresses regarding the arbitration hearing

17    to be held on December 3, 2007.  A true and correct copy of the notice of

18    arbitration hearing is attached to Aguirre Dec. as <u>Exhibit F</u>.  Pursuant to the

19    arbitration provision of the Basic Agreement, Sara Adler issued an arbitration

20    award ("Arbitration Award"), dated August 16, 2008, in favor of SAG and against

21    Respondents.  A true and correct copy of the Arbitration Award is attached to

22    Aguirre Dec. as <u>Exhibit G</u>.

23         The Arbitration Award provides the following relief:

24       "1. Producer is also ordered to make salary upgrade payments as follows:

25            Salary: $48,832.25

26            P&H: $6,421.44

27            LPLD: $44,660.00

28    ///

1        2. Pursuant to the provisions of the Security Agreement, SAG is granted

2            an assignment of Respondent's accounts receivable from the

3            distribution, exhibition, exploitation or other use of the Picture

4            anywhere in the world until the amount due is paid in full.

5        3. SAG is authorized to engage in any of the remedial actions provided for

6            in the Security Agreement.

7        4. Pursuant to the Agreement, the parties are to split the $800 fee of the

8            Arbitrator." *Id.*

9       Despite SAG-AFTRA's demands, Respondents have failed and continue to

10 fail to pay SAG-AFTRA the total amount of $99,913.69 required by the Arbitration

11 Award, and to otherwise comply with the Arbitration Award. Aguirre Dec. at ¶ 15.

12 C.   <u>SAG-AFTRA Presently Seeks Confirmation of the Arbitration Award, Entry
of Judgment, and Attorney's Fees and Costs</u>

13

14       SAG-AFTRA hereby seeks an order from this Court confirming the

15 Arbitration Award, with late payment liquidated damages accruing until the date of

16 confirmation. SAG-AFTRA also requests that judgment be entered in conformity

17 with the Arbitration Award as well as attorney's fees and costs. Pursuant to Local

18 Rule 7-3, SAG-AFTRA attempted to contact Respondents, by telephone and mail,

19 to conference regarding the current motion pursuant to Local Rule 7-3. *Id.* at ¶ 17.

20 A true and correct copy of counsel for SAG-AFTRA's correspondence to

21 Respondents is attached to Aguirre Dec. as <u>Exhibit H</u>. Respondent, Dogwalker

22 Productions, LLC failed or refused to respond to SAG-AFTRA. *Id.* Respondent,

23 Filmmakers Alliance, engaged in a telephone conference with counsel for SAG-

24 AFTRA but did not make any offer to settle or otherwise attempt to resolve this

25 matter. Aguirre Dec. at ¶ 16.

26 ///

27 ///

28 ///

     MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

## II.   LAW AND ARGUMENT

A.   This Court Is Empowered To Confirm the Arbitration Award

The District Courts are empowered to enforce arbitration awards issued in accordance with a collective bargaining agreement. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 597, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1960).  The Arbitration Award in favor of SAG and against Respondents was awarded pursuant to a collective bargaining agreement, the Basic Agreement. A true and correct copy of the Arbitration Award is attached to Aguirre Dec. as Exhibit G.  Section 9(F) of the Basic Agreement provides that the Arbitration Award may be confirmed in any court of competent jurisdiction.  A true and correct copy of relevant portions of the Basic Agreement is attached to Aguirre Dec. as Exhibit B.  Accordingly, this Court is empowered to confirm and enforce the Award.

B.   An Arbitration Award Must Be Confirmed If It Draws Its Essence From the Collective Bargaining Agreement

Under the *United Steelworkers* trilogy of cases, the Court will not review the substantive merit of an arbitration award made in accordance with a collective bargaining agreement.  See *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d. 1409 (1960); *United Steelworkers v. Enterprise Wheel and Car Co.*, supra.  Instead, the Court will defer to the arbitrator's legal and factual determinations. *American Postal Workers' Union AFL-CIO v. United States Postal Service*, 682 F.2d 1280, 1284 (9th Cir. 1982), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983).

///

///

///

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

C.   <u>The Present Arbitration Award Should Be Confirmed Because the Arbitrator Found That Respondents Breached Their Obligations To SAG-AFTRA</u>

In the current case, the Arbitrator applied the relevant provisions of the Basic Agreement to the facts, found that Respondents breached their obligations under the Basic Agreement as well as under the Experimental Film Agreement and Security Agreement, and therefore awarded damages and other relief in favor of SAG and against Respondents.  A true and correct copy of the Arbitration Award is attached to Aguirre Dec. as <u>Exhibit H</u>.  As a matter of public policy and in the interest of the stability of labor relations, as well as in accordance with Congress' intent as interpreted by the U.S. Supreme Court, the Basic Agreement and the Arbitration Award must be enforced.  Accordingly, the Arbitration Award should be confirmed and judgment entered in conformity therewith.  *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, *supra*.

D.   <u>Petitioner SAG-AFTRA Should Be Awarded Its Attorney's Fees and Costs</u>

Attorney's fees may be recovered in an action brought under Section 301 of the LMRA (29 U.S.C. §185) where a party without justification refuses to abide by the arbitration award.  *International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983); see also *UAW v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (unjustified refusal to abide by arbitration award, combined with failure to act to set aside award, is evidence of bad faith sufficient to warrant attorney's fees).

Respondents have failed to assert or demonstrate any legal justification for failing to comply with the Arbitration Award.  Instead, Respondents have forced SAG-AFTRA to initiate this action in Federal Court to confirm and enforce the Arbitration Award.  Considering the prevailing rate for attorney's fees, as well as the estimated eight (8) hours that SAG-AFTRA's attorney worked or will have worked in preparing the present motion and supporting documents, SAG-AFTRA respectfully requests that this Court award attorney's fees in the amount of

1 | $3,200.00 and costs in the amount of $350.00 as set forth in the accompanying

2 | declaration.  Aguirre Dec., ¶¶ 20-24.

3 | III.   <u>CONCLUSION</u>

4 | For the foregoing reasons, petitioner Screen Actors Guild- American

5 | Federation of Television and Radio Artists respectfully requests that the Court

6 | confirm the Arbitration Award, enter judgment in conformity therewith, and award

7 | attorney's fees to SAG-AFTRA in the amount of $3,200.00 and costs in the amount

8 | of $350.00.

9 | Dated: August 14, 2012

Respectfully Submitted,

SCREEN ACTORS GUILD.-
AMERICAN FEDERATION OF
TELEVISION AND RADIO ARTISTS

By: _____
Rachael Aguirre
Attorney for Petitioner

MEMO OF POINTS AUTHORITIES IN SUPPORT OF
MOTION FOR ORDER CONFIRMING ARBITRATION
AWARD AND FOR ENTRY OF JUDGMENT

1

### DECLARATION OF RACHAEL AGUIRRE

2   I, RACHAEL AGUIRRE, declare as follows:

3   1.   I am an attorney licensed to practice law in the State of California and

4   am admitted to this Court. I am the attorney of record for petitioner Screen Actors

5   Guild, Inc. - American Federation of Television and Radio Artists ("SAG-

6   AFTRA") in this matter.

7   2.   This Declaration is submitted in support of SAG-AFTRA's motion for

8   order confirming arbitration award and for entry of judgment in conformity

9   therewith. I prepared the foregoing motion in its entirety. The allegations

10  contained in the motion are true to the best of my knowledge, except those that are

11  stated on information and belief. As to those matters, I believe them to be true.

12  3.   Established in 1933, SAG (now SAG-AFTRA), is a labor union that

13  represents nearly 120,000 members who work in motion pictures, radio, television,

14  and other media formats.

15  4.   Respondents Dogwalker Productions, LLC and Filmmakers Alliance

16  ("Respondents") and SAG-AFTRA's predecessor union, SAG, executed a SAG

17  Experimental Film Agreement, in connection with the motion picture, "The

18  Dogwalker" ("Movie"). Among other things, said agreement bound Respondents

19  to the terms and conditions of a collective bargaining agreement, the Screen Actors

20  Guild Codified Basic Agreement of 1995 for Independent Producers, as amended

21  ("Basic Agreement"). A true and correct copy of the SAG Experimental Film

22  Agreement is attached hereto as Exhibit A.[1] A true and correct copy of relevant

23  portions of the Basic Agreement is attached hereto as Exhibit B.[2]

24  5.   Dogwalker Productions, LLC executed a Security Agreement in favor

25  of SAG to secure the performance of all of Dogwalker, LLC's obligations,

26  including payment obligations to SAG's members, with respect to the Movie

27
28

[1] All referenced exhibits throughout the memorandum of points and authorities are expressly incorporated herein as if set forth in full.
[2] Because the Basic Agreement is 656 pages in length, only relevant portions of the document have been attached.

DECLARATION OF RACHAEL AGUIRRE IN
SUPPORT THEREOF

1  ("Security Agreement").  A true and correct copy of the Security Agreement is
2  attached hereto as <u>Exhibit D</u>.

3      6.    Pursuant to the terms of the Experimental Film Agreement, the Basic
4  Agreement, and the Security Agreement, Respondents produced the Movie using
5  SAG-AFTRA actors or other performers covered by said agreements (collectively
6  "Performers").

7      7.    On information and belief, Respondents exhibited the Movie in one or
8  more theaters and engaged in further distribution of the Movie.

9      8.    As a result, Respondents became obligated to pay Performers
10  additional initial compensation, known as upgrade compensation, pursuant to the
11  Experimental Film Agreement.  A true and correct copy of the Experimental Film
12  Agreement is attached hereto as <u>Exhibit A</u>.  Additionally, pension and health
13  contributions ("P & H") also became due and payable on behalf of Performers
14  pursuant to Section 6 of the Experimental Film Agreement. *Id*.

15      9.    Respondents failed or refused to pay the amounts due to Performers.

16      10.    Because Respondents failed or refused to this initial compensation and
17  P&H, late payment liquidated damages ("LPLDs") also became due pursuant to the
18  Basic Agreement.  A true and correct copy of relevant portions of the Basic
19  Agreement is attached hereto as <u>Exhibit B</u>.

20      11.    On November 21, 2007, pursuant to the arbitration provision (Section
21  9) of the Basic Agreement, SAG served a Statement of Claim and Demand for
22  Arbitration on Respondents for failure to pay the above upgrade compensation,
23  pension and health contributions as well as LPLDs.  A true and correct copy of
24  relevant portions of the Basic Agreement is attached hereto as <u>Exhibit B</u>.  A true
25  and correct copy of the Statement of Claim and Demand for Arbitration, including
26  Proof of Service, is attached hereto as <u>Exhibit E</u>.

27      12.    The Statement of Claim and Demand for Arbitration was served in
28  accordance with notice provision (Section 42) of the Basic Agreement.  A true and

DECLARATION OF RACHAEL AGUIRRE IN
SUPPORT THEREOF

1  correct copy of relevant portions of the Basic Agreement is attached as <u>Exhibit B</u>.

2       13.    Sara Adler ("Arbitrator") was selected as the sole neutral arbitrator.

3  SAG notified Respondents by letter, dated November 1, 2007, at their last known

4  addresses regarding the arbitration hearing to be held on December 3, 2007.  A true

5  and correct copy of the notice of arbitration hearing is attached hereto <u>Exhibit F</u>.

6       14.    Pursuant to the arbitration provision of the Basic Agreement, Sara

7  Adler issued an arbitration award ("Arbitration Award"), dated August 16, 2008, in

8  favor of SAG and against Respondents.  A true and correct copy of the Arbitration

9  Award is attached hereto as <u>Exhibit G</u>.

10       15.    Despite SAG's demand, Respondents have failed and continue to fail

11  to pay SAG-AFTRA the total amount of $99,913.69, required by the Arbitration

12  Award, and to otherwise comply with the Arbitration Award.

13       16.    Pursuant to Local Rule 7-3, SAG-AFTRA attempted to contact

14  Respondents, by telephone and mail, to conference regarding the current motion

15  pursuant to Local Rule 7-3.  A true and correct copy of SAG's correspondence to

16  Respondents is attached hereto as <u>Exhibit H</u>.  Respondent, Dogwalker Productions,

17  LLC failed or refused to respond to counsel for SAG-AFTRA. Respondent,

18  Filmmakers Alliance, responded and engaged in a telephonic conference with

19  counsel for SAG-AFTRA. During that discussion, the President of Filmmakers

20  Alliance, Jacques Thelemaque ("Thelemaque"), the sole officer for the

21  organization stated he was unable to make any offer to settle or otherwise resolve

22  this matter.  At the conclusion of that discussion, counsel for SAG-AFTRA

23  informed Thelemaque that since no attempt at resolution was made, the motion to

24  confirm would be filed with this Court.

25       17.    In addition to confirmation of the Arbitration Award and entry of

26  judgment in conformity therewith, SAG-AFTRA seeks attorney's fees and costs.

27       18.    I graduated from Berkeley Law School in 2002 and have practiced law

28  in California, where I was admitted to the California Bar in December of 2003.  I

DECLARATION OF RACHAEL AGUIRRE IN
SUPPORT THEREOF

1   am also admitted to practice in the U.S. District Court for the Central District of
2   California.

3       19.   I have practiced in-house with the Screen Actors Guild, Inc. (which
4   has since merged into SAG-AFTRA) since February of 2007. In that capacity, I
5   currently represent SAG-AFTRA and its members in a wide variety of arbitrations
6   and litigation matters arising under SAG-AFTRA collective bargaining
7   agreements.

8       20.   I have reviewed my activities on behalf of SAG-AFTRA in this matter.
9   In calculating the hours set forth herein, I have considered my time in preparing the
10  present declaration and related notice of motion and motion, memorandum of
11  points and authorities, proposed judgment, notice of interested parties, as well as
12  correspondence and attempted communications with Respondents.

13      21.   I have calculated the reasonable market value of my services by taking
14  the prevailing hourly rate of private attorneys whose practices focus on labor
15  relations law in the entertainment industry and assessing my rate within the lower
16  to mid-range of that scale. Based upon those rates, a reasonable rate for an
17  attorney of my background and experience is $400.00 per hour.

18      22.   Fees awarded in this action will not inure to me personally, but will be
19  paid to SAG-AFTRA, a non-profit corporation and certified labor organization.

20      23.   The total compensation for which SAG-AFTRA is entitled for my
21  services is $3,200.00, which was computed as follows: 8 hours at $400.00 per hour.

22      24.   The costs incurred in this action total $350.00 in filing costs.

23      I declare under penalty of perjury that the foregoing is true and correct.
24  Executed at Los Angeles, California, August 14, 2012.

25

26  _____
    Rachael Aguirre
27

28

DECLARATION OF RACHAEL AGUIRRE IN
                                                                SUPPORT THEREOF